UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY BUXBAUM | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-CV-117-WWE |
| | : | |
| ST. VINCENT'S HEALTH SERVICES, | : | |
| INC., ST VINCENT'S MEDICAL | : | |
| CENTER, INC., AND ST. VINCENT'S | : | |
| SPECIAL NEEDS CENTER, INC. | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS COUNT THREE OF THE SECOND AMENDED COMPLAINT**

Defendants have moved to dismiss Count Three of plaintiff's second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim. Count Three alleges that defendants defamed plaintiff after their employment relationship ended.

For the following reasons, defendants' motion to dismiss will be denied.

**BACKGROUND**

Plaintiff was employed by defendants or their affiliates from March, 1980 until October, 2009. From December, 1987 until October, 2009, plaintiff was the Chief Executive Officer and President of defendant St. Vincent's Special Needs Center. On October 16, 2009, plaintiff alleges that he was called into a meeting with the President and CEO of defendant St. Vincent's Health Services Corporation, Susan L. Davis, and was told he must resign, or he would be discharged. Plaintiff alleges that under extreme distress, he resigned.

Plaintiff alleges that at an unspecified time after his termination, he learned from other members of the local health care community that information concerning his resignation because

1

of his alleged storage of pornographic material on St. Vincent's computers had been communicated to persons who are not employed by defendants. Plaintiff alleges that Dr. Lawrence, chairman of the Board of the Center, reported to plaintiff that Susan Davis told him at a retreat that plaintiff had resigned after defendants purportedly found that he had stored pornography on St. Vincent's computer system. Plaintiff further alleges that this false and slanderous information was also communicated to other members of the Board of the Center. Plaintiff contends that within several weeks of his termination, plaintiff was contacted by the chief executive officer of a non-profit which provided services similar to the Center. The CEO told plaintiff that he had heard that plaintiff was no longer employed by defendants because defendants found pornography on plaintiff's computer at St. Vincent's. Plaintiff also alleges that soon thereafter, when plaintiff met with the chief executive officer of another non-profit, that individual told plaintiff that he, too, had learned through sources other than plaintiff that defendants had accused plaintiff of storing pornography on his office computer, and that was the reason plaintiff was no longer employed by defendants.

  Plaintiff asserts that the only way for information regarding the alleged reason for plaintiff's resignation to have been communicated to such members of the local health care community, who were not employed by defendants, is for persons who were agents, officers, or employees of defendants to have communicated or published this information to those other members of the local health care community. Plaintiff alleges that the publication of this information has harmed his reputation and impaired his ability to find new employment.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

"Although charges of libel and slander under former practice were considered largely vexatious and their litigation discouraged by requirements that such contentions be set forth in considerable detail, the federal rules do not require special pleading.  Accordingly, the mode of pleading defamation is governed by Rule 8, which requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate.  The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure.  Such additional information is now available through the liberalized discovery provisions." Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) (citations omitted).

In Connecticut, to establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement. Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 627-28 (2009).

As to the first element, a "defamatory statement is defined as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third parsons from associating or dealing with him." Id. at 627. The statement that plaintiff resigned because of his alleged storage of pornographic material on St. Vincent's computers clearly qualifies as capable of bearing a defamatory meaning. See Restatement (Second) of Torts § 614 (1977).

To establish the second element of his defamation claim, plaintiff must show that the recipient of the defamatory communication understood it to reference plaintiff. Id. at § 564. Here, there is no ambiguity concerning the person to whom the defamatory communication was intended to refer. Plaintiff was identified as the subject of the defamatory statement to Dr. Lawrence and other third parties.

As to the third element, publication, plaintiff has asserted that Dr. Lawrence and other third parties were apprised of the defamatory statement by Susan Davis and other agents, officers, or employees of defendants. Thus, the defamatory statement was published to a third person.

Finally, plaintiff must satisfy the fourth element - harm to his reputation resulting from the defamatory statement. The second amended complaint states that plaintiff has suffered and

will continue to suffer lost wages and benefits, and damage to his reputation, which damage has caused him emotional distress, as well as impaired his ability to obtain new employment. Such adverse effect on his ability to conduct business within his profession satisfies the fourth and final element.

As plaintiff has sufficiently set forth a claim for defamation, defendants' motion to dismiss will be denied.

## **CONCLUSSION**

For the foregoing reasons, defendants' motion to dismiss Count Three of plaintiff's second amended complaint is DENIED.

Dated this 6th day of August, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE