```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

BARRY BUXBAUM                   :
                                :
                                :
v.                              :    CIV. NO. 3:11CV117 (WWE)
                                :
ST. VINCENT'S HEALTH SERVICES,  :
INC., ST. VINCENT'S MEDICAL     :
CENTER, INC. AND ST. VINCENT'S  :
SPECIAL NEEDS CENTER, INC.      :
```

## RULING REGARDING PLAINTIFF'S MOTION TO COMPEL [DOC. # 55]

On September 27 and October 11, 2012, the Court held telephone status conferences to address plaintiff's pending motion to compel. [doc. # 55]. Much progress was made by the parties in narrowing the issues first brought before the Court. The Court will now address the following three items, which remain unresolved: the examination of Luisa Sierra's workstation, the production of the CFC contract, and the production of the defendants' financial statements. For the reasons that follow, the plaintiff's motion to compel production of these three categories is DENIED. In all other respects, the motion to compel is DENIED as MOOT.

## STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not

privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

With regard to the discovery of electronically stored information, the Federal Rules of Civil Procedure require a party to "produce and permit the party making the request ... to inspect, copy, test, or sample any ... electronically stored information." Fed.R.Civ.P. 34(a). This right to information however, is counterbalanced by a responding party's confidentiality or privacy interests. Notes of Advisory Committee on 2006 Amendments. "A party is therefore not entitled to 'a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances.'" Genworth Financial Wealth Management, Inc. v. McMullan, 267 F.R.D. 443 (D. Conn. 2010) (quoting Notes of Advisory Committee on 2006 Amendments).

<u>Luisa Sierra workstation</u>

Luisa Sierra was plaintiff's secretary while plaintiff worked at St. Vincent's. Plaintiff seeks to compel a copy of the contents of Ms. Sierra's computer workstation prior to October 16, 2009, the date plaintiff resigned. Plaintiff argues that Sierra's workstation is relevant to show that Sierra managed plaintiff's computer files and folders. Defendants counter that Sierra's workstation is irrelevant to plaintiff's age discrimination and defamation claims, especially in light of the fact that plaintiff is not claiming Sierra was responsible for the pornographic materials found on Buxbaum's computer, which ultimately led to Buxbaum's resignation.

Plaintiff has failed to assert any legitimate basis to justify a wholesale examination of Sierra's workstation. There is simply no nexus between Sierra's work station and the pornographic files located on Buxbaum's computer. <u>See</u> <u>Genworth Financial Wealth</u>, 267 F.R.D. 443 (requiring a nexus between plaintiff's claims and its need to obtain a mirror image of the defendant's computer's hard drive).  The argument that the contents of Sierra's computer are necessary to show that Sierra managed Buxbaum's files and folders is unavailing; this information would be found on Buxbaum's computer, not Sierra's.

It is hardly surprising and not persuasive that searches of Buxbaum's work station returned over 1000 hits with Sierra's

name, and four files[1] that were authored and/or transferred by Sierra. Considering the fact that plaintiff has had an opportunity to depose Sierra and inquire of the work she did for Buxbaum, the burden and privacy interests of the defendants, the length of time that has elapsed since Buxbaum's resignation, and the lack of any showing that an examination of Sierra's workstation would lead to the discovery of otherwise unavailable admissible information, plaintiff's motion is DENIED.

### CFC Contract

Plaintiff seeks to compel defendants to produce the contract between defendants and CFC, the third-party service provider who serviced, maintained, and managed the computers during the time that defendants accused plaintiff of accessing or downloading pornographic materials. [doc. # 55-5 at 6, RFP # 7]. Defendants argue that the information is confidential and proprietary and not reasonably calculated to lead to the discovery of admissible information. [Id.]. The contract requested is simply not relevant to the age discrimination and defamation claims in this case, which will focus on what defendants believed at the time that they learned of the pornographic materials on plaintiff's computer and confronted him with that information. As such, the motion to compel is DENIED.

---

[1] Notably, the files authored or transferred by Sierra were not the pornographic images found on Buxbaum's computer.

<u>Financial Statements</u>

Plaintiff seeks to compel defendants to produce financial information, such as financial statements, budget information, and limits relating to salaries, compensation and bonuses, arguing that such information could "reveal whether the reason given for Mr. Buxbaum's forced resignation was pretextual". [doc. # 55-4 at 16]. Defendants argue that the information is confidential and proprietary and not reasonably calculated to lead to the discovery of admissible information. [doc. # 60 at 23]. Aside from presenting a what-if scenario, plaintiff has made no showing to suggest that the defendants' financial situation contributed to the defendants' decision to confront plaintiff about the pornographic materials found on his computer and offer him the opportunity to resign. The Court finds that the information sought is not relevant to plaintiff's age discrimination and defamation claims on this record, and as such the motion to compel is DENIED.

<u>CONCLUSION</u>

Accordingly, plaintiff's motion to compel [doc. # 55] on the three remaining items is **DENIED.** This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of

review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 16th day of October 2012.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE